# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 23, 2004 Session

## MICHAEL LYNN MARTINDALE v. MARGO MILLER MARTINDALE
### An Appeal from the Chancery Court for Madison County
### No. 48845     Joe C. Morris, Judge

---

### No. W2003-00712-COA-R3-CV - Filed January 13, 2005

---

This is a post-divorce alimony case. The parties were divorced in 1995 and the mother was awarded rehabilitative alimony for seven years.  In 2003, the trial court extended the rehabilitative alimony until the youngest of the parties' four children graduated from high school.  The extension of alimony was based on the demands of being the primary residential parent for the parties' four young sons, two of whom were found to have learning disabilities.  The father appealed the extension of rehabilitative alimony.  We affirm.

### Rule 3 Appeal; Judgment of the Chancery Court is affirmed

HOLLY M. KIRBY, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Mark L. Agee and Jason C. Scott, Trenton, for the appellant Michael Lynn Martindale

Mary Jo Middlebrooks and Betty Stafford Scott, Jackson, for the appellee Margo Miller Martindale

## MEMORANDUM OPINION[1]

Plaintiff/Appellant Michael Lynn Martindale, M.D., ("Father") and Defendant/Appellee Margo Miller Mar

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

tindale ("Mother") were divorced on March 31, 1995. At the time of the divorce, the parties had four minor children: Michael Rand Martindale, born September 11, 1988, Miles Thomas Martindale, born February 8, 1990, Austin Edward Martindale, born December 12, 1991, and Miller Christian Martindale, born April 24, 1993. Mother worked teaching school while Father was in medical school. When the parties' first child was born, Mother became a full-time homemaker. Father's medical practice was with Jackson Clinic.

At the time of the divorce, the parties entered into a Marital Dissolution Agreement ("MDA"), which was incorporated into the final divorce decree. Under the final decree, Mother was awarded sole physical and legal custody of the children, and Father was to pay Mother $3,154.00 per month as child support and to pay for the children's private school tuition.

Under the final decree, Father agreed to pay wife $5,000.00 per month as rehabilitative alimony. The alimony was to continue until two and one-half years after the youngest child entered the first grade. This resulted in monthly alimony payments to Mother for seven years, scheduled to end on February 15, 2002.

On February 8, 2002, prior to the termination of the alimony payments, Mother filed a Motion for Civil Contempt and to Modify Final Order. In this petition, Mother sought to recover unpaid expenses for the boys' extracurricular activities, to increase child support based on Father's increased income, to continue the rehabilitative alimony, and to award alimony *in futuro*.

A hearing on the issues was held on April 24, 2002. Both parties testified extensively regarding child support, alimony, and financial issues. Father testified that when the parties divorced, he made approximately $292,000, and that since 1997 he had made in excess of $400,000 per year. Mother worked at a medical clinic for $15.00 per hour. She worked part-time so that she could be available for the children's activities after school, and to assist their two learning-disabled sons with their school work. At the end of the hearings, the judge ordered the parties to mediation.

Through mediation, Father and Mother agreed to maintain Father's child support at the rate of $4,600[2] per month and added $500 per month to cover the costs of the children's extracurricular activities. However, the parties were unable to resolve the issue of continuing the rehabilitative alimony.

On November 12, 2002, the trial court again heard arguments from both parties on all outstanding issues. At the end of the hearing, the trial court found that Mother

> has not been able to rehabilitate herself as contemplated in the MDA, marital dissolution agreement, due to the demands of being custodian and primary care parent for four young sons, whose demands on her times and energy [have] increased every year. And the Court finds this will probably continue to [be] so.

---

[2]Child support had increased from $3,154 to $4,600 in 1998 due to an increase in Husband's income.

The trial court also noted that the learning problems of two of the sons could not have been contemplated when the parties entered into the MDA. As a result, the trial court continued the $5,000 monthly rehabilitative alimony until the youngest child graduates from high school. The record was unclear as to whether Mother requested both an extension of rehabilitative alimony and alimony *in futuro* or whether she requested alimony *in futuro* as an alternative to the extension of rehabilitative alimony. In either case, the trial court denied did not grant Mother's request for alimony *in futuro*. In an order entered on February 5, 2003, the trial court judge detailed the findings of the prior hearings and ordered the extension of the rehabilitative alimony. This order was signed by the trial court judge and Mother's attorney but not signed by Father's attorney. The order certified that a copy was sent to Father's counsel on January 28, 2003 – before the judge had signed the order. For reasons not set forth in the record, on February 18, 2003 an identical order was entered, this one signed by the judge and the attorneys for both parties.

On March 12, 2003, Father filed a notice of appeal. The only substantive issue on appeal was the extension of rehabilitative alimony. On April 8, 2003, Mother filed a Motion to Dismiss Appeal, asserting that Father's notice of appeal was not timely because it was not filed within 30 days of the first order. Father asserted that the second order was the final order and his appeal was timely based on the February 18, 2003 date of entry.

While Mother's motion to dismiss Father's appeal was pending in this Court, Father filed a motion with the trial court pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure to set aside or vacate the order entered on February 5, 2003. *See* Tenn. R. Civ. P. 60.02. At a hearing on this motion, the trial court held that it no longer had jurisdiction to rule on the motion because of the appeal pending before the Court of Appeals. On appeal, Father also asserts that the trial court had jurisdiction to set aside the first order and that the appeal was timely.

Modification of an alimony award is factually driven, calling for a careful balance of many factors. *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001) (citations omitted). The trial court is given wide latitude, and its decision will not be disturbed unless it is Anot supported by the evidence or is contrary to the public policies reflected in the applicable statutes.@ *Id.* Therefore, the decision of the trial court will not be disturbed unless it evidences an abuse of discretion. A trial court abuses its discretion when it reaches a decision against logic that causes a harm to the complaining party or when the trial court applies an incorrect legal standard. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citing *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

We must first address whether Father's appeal was timely. Father asserts that the first order did not comply with Rule 58 because Father's counsel received a copy of the order not signed by either the judge or opposing counsel. The relevant portion of Rule 58 states:

> Entry of a judgment or an order of final disposition is effective when a judgment containing one of the following is marked on the face by the clerk as filed for entry:
> . . .

> (2) the signatures of the judge and one party or counsel with a certificate of counsel that a copy of the proposed order has been served on all other parties or counsel . . . . Tenn. R. Civ. P 58

Father asserts that since this order was not valid under Rule 58, then the second order was valid and thus his appeal was timely. Father further asserts that the trial court erred in refusing to set aside the first order, arguing that the judge who signed an order has jurisdiction to vacate or set aside the order.

Pursuant to Rule 50.05 of the Tennessee Rules of Civil Procedure, a court may alter or amend a judgment within 30 days after the entry of the order. Tenn. R. Civ. P. 59.05. It seems clear that the trial judge intended the February 18 order to supplant the February 5 order. As a result, the second order was valid and Father's appeal was timely.

Under the circumstances, the trial court correctly held that it did not have jurisdiction to hear a Rule 60.02 motion while an appeal is pending. *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 (Tenn. 1994). "If a party wishes to seek relief from the judgment during the pendency of an appeal, he should apply to the appellate court for an order of remand." *Id.* at 596. Father could have filed a motion with the Court of Appeals asking for a remand to the trial court to resolve the issue of the two orders.[3]

We now address the substantive issue on appeal. First, Father asserts that the evidence showed that Mother had rehabilitated herself, and therefore the trial court erred in extending Mother's rehabilitative alimony. The record shows that Mother became recertified to teach school, and that Mother was employed part-time in a medical clinic. However, Mother also offered substantial testimony on the amount of time needed to care for the four children, due to their extensive extracurricular activities and the learning disabilities of two of the children. Mother testified that the children's demands on her time prevent her from working a forty-hour work week. Based on this testimony, the trial court found that Mother was not fully rehabilitated and would be unable to fully rehabilitate herself until the children graduate from high school. After a full review of the record, we cannot say that the evidence preponderates against this finding.

Father further asserts that the evidence did not show that Mother's alleged inability to rehabilitate herself was due to unforeseen circumstances. Father argues that an award of alimony can only be modified "upon a showing of a substantial and material change" as provided in Tennessee Code Annotated §36-5-101. Father argues that there has been no material change in circumstances and that Mother's current situation is exactly what the parties contemplated when the MDA was signed. The trial court, however, found that the learning disabilities of the parties' two sons could not have been contemplated when the parties signed the MDA, and that it adversely impacted Mother's ability to work full-time and to rehabilitate herself. From our review of the record, the evidence does not preponderate against this finding.

---

[3]For analysis of the proper procedure to have the trial court hear post-judgment motions while an appeal is pending, see *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586 (Tenn. 1994).

Finally, Father asserts that if Mother is not rehabilitated, it is because she did not make a reasonable attempt to rehabilitate herself. Father argues that Mother knew that she had seven years of rehabilitative alimony but did not use this time further her education or prepare for a new career. After hearing the evidence, the trial court found that Mother "has not been able to rehabilitate herself as contemplated in the MDA . . . due to the demands of being custodian and primary care parent for four young sons." Again, the evidence in the record does not preponderate against this finding.

Mother argues on appeal that the award of rehabilitative alimony should be converted to alimony *in futuro*, and that the trial court erred in refusing to do so. She notes that she will be 51 years old when the younger child graduates from high school, and contends that, in view of the disparity in income between the parties, rehabilitation is not possible. The trial court found that Mother could not be fully rehabilitated until the youngest son graduates from high school. The trial court did not find that Mother cannot be rehabilitated, and declined to convert the award to alimony *in futuro* at that time. After reviewing the record, we cannot find that the trial court erred in declining Mother's request.

Mother seeks attorney's fees on appeal, and this request is granted. The cause will be remanded to the trial court for a determination of the appropriate amount of the attorney's fee award.

The decision of the trial court is affirmed. The cause is remanded for further proceedings not inconsistent with this Opinion. Costs of this appeal are taxed to the appellant, Michael Lynn Martindale, or his surety, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE